## FORMAN v. JACOBS.

Circuit Court of Appeals, First Circuit.
June 13, 1928.

No. 2222.

Bankruptcy ⬳226—Referee's findings did not support decree denying because of alleged fraud, petition that trustee pay over amounts received on accounts assigned to petitioner.

Findings of referee in bankruptcy *held* so inconsistent and incomplete that they did not support decree denying petition that trustee in bankruptcy be ordered to turn over money received on accounts assigned to petitioner, on ground that scheme was conceived in fraud.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Petition by Edward Forman against Philip W. Jacobs, trustee in bankruptcy of Mary I. Davis, bankrupt, requesting that respondent be ordered to turn over certain sums of money received. The referee denied the petition, and the District Court affirmed the order. Petitioner appeals. Order or decree vacated, and case remanded.

William M. Silverman, of Boston, Mass. (Hermanson & Silverman, of Boston, Mass., on the brief), for appellant.

Joseph B. Jacobs and Jacobs & Jacobs, all of Boston, Mass., for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. March 12, 1927, Mary I. Davis was adjudged a bankrupt, and on that day the case was referred to Arthur Black, referee in bankruptcy.

May 23, 1927, Edward Forman filed a petition requesting that Philip W. Jacobs, the trustee in bankruptcy of Mary I. Davis, be ordered to turn over to him all sums of money received and to be received by him on certain specified accounts receivable alleged to have been assigned on or about February 26, 1927, by Mary I. Davis, doing business under the name of the Davis Dress Company, to the petitioner, in consideration of $2,000 in cash advanced by him to her.

May 23, 1927, the referee, after hearing, denied the petition.

June 6, 1927, Forman filed a petition asking for a review of the referee's order, and "that a transcript of the evidence with the referee's certificate be submitted to the judge."

October 19, 1927, the referee filed his certificate, in which, after setting out certain facts as found by him, he said: "The foregoing facts are sufficient to convince me that Forman was a party to a scheme to assist Davis in diverting *his* only remaining assets into the hands of friends, who were about to join hands with Davis in the launching of a new venture. I believe the whole scheme was conceived in fraud and that Forman realized it. I believe he is entitled to no relief."

The transcript of evidence, requested to be submitted to the judge with the referee's certificate, was not transferred with the certificate.

In the District Court the order of the referee denying the petition was affirmed, and this appeal was taken.

In the assignments of error Forman, the petitioner, complains that the court erred: (1) In that there were no findings of fact made by the District Judge upon which to base his confirmation of the referee's order; (2) in that the findings upon which the referee predicated and entered his order were contrary to the evidence, as shown by the record of the evidence herein; (3) in that his (the referee's) findings of fact, even if consistent with the evidence shown by the record of testimony herein, were such in law as to entitle your petitioner to recover; (4) in that there was no basis in law for the decision of the judge affirming the order of the referee; (5) in that the decision of the judge affirming the order denying the petition was contrary to the evidence, as shown by the record of the testimony herein, and contrary to law; and (6) in that the uncontradicted evidence discloses that the petitioner advanced certain money as a present consideration for the assignment of certain accounts, and that there was no evidence in the record of any knowledge on the part of your petitioner which would form the basis of fraud, upon which to sustain the findings of the referee.

The trustee in bankruptcy contends, although the District Judge made no findings of fact, that his order or decree should be sustained, as it embodies all facts found by the referee in his certificate necessary to sustain the referee's order and the decree of the court, and not inconsistent with the other facts specially found by the referee, and that the findings of the referee are not open to review here, as the evidence taken before him was not transferred with his certificate.

It is to be noted that Forman, in his petition for review, requested that a transcript of the evidence be submitted to the judge with the referee's certificate, and that this was not done; also that the bankrupt, whose estate is here in question, is Mary I. Davis, not Nathan Davis; that in his certificate the referee finds that Mary I. Davis was conducting

a small business under the name of the Davis Dress Company; that, although the business was so conducted, "the actual owner and manager [was] her husband, Nathan Davis"; that Nathan Davis, in February, 1927, "went to his cousin, Edward Forman, in New York, and got $2,000, for which he gave Forman an assignment of all the accounts receivable belonging to the Davis Dress Company"; that he took the $2,000 and "paid $1,000 to the Citizens' National Bank in settlement of a note which was overdue, and paid the balance to one or two favored creditors"; that he "then transferred the fixtures and such little stock as there was left of the Davis Dress Company to a new concern, known as the Capital Dress Company, conducting the same kind of business in the same premises and under his own management"; that the Citizens' National Bank note was a note signed by Mary I. Davis, indorsed by Nathan Davis, and given by them, together with cash, in settlement of a financial difficulty with their creditors back in 1926, and that the two favored creditors were the firm of Rylander & Swartz and the Mayburg Company (whether they were creditors of Mary I. Davis, or Nathan Davis, or both, does not appear); that Rylander is now in business with Nathan Davis as president of the Capital Dress Company, the newly formed corporation; and that "Forman's attorney, who advised him in respect to the assignment of the accounts in question, is a brother of Rylander." These are the facts upon which the referee predicated his findings "that Forman was a party to a scheme to assist Davis in diverting his only remaining assets into the hands of friends, who were about to join hands with Davis in the launching of a new venture," and that "the whole scheme was conceived in fraud and that Forman realized it."

If, as the referee finds, Nathan Davis was the "actual owner and manager" of the business conducted under the name of the Davis Dress Company, the assets of that business were not the assets of Mary I. Davis, the bankrupt, and her trustee in bankruptcy had no right to them. If the accounts in question were assets of the Davis Dress Company, of which Nathan Davis was owner and manager, and he assigned them to Forman for $2,000 in cash, as the referee finds, his assignment of his assets was not, and could not be found to be, a fraud upon the creditors of the bankrupt, for those creditors would have no interest in such assets. And the findings in the concluding paragraph of the certificate "that Forman was a party to a

scheme to assist Davis [Nathan] in diverting his only remaining assets into the hands of friends" and was a party to the fraud, if true, would not justify the decree, for Forman, according to the facts found, was not a party to a fraud affecting the estate of the bankrupt, Mary I. Davis.

We think the findings of the referee are so inconsistent and incomplete that no decree could properly be based upon them.

In these circumstances, the order or decree of the District Court should be vacated, and the case remanded to that court, where the evidence heretofore taken should be presented and an opportunity afforded for the introduction of such further evidence as may be desired so that the facts fixing the rights of the parties may be determined.

The order or decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion; neither party recovers costs in this court.